# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0584, <u>Linda L. Knowles v. Kelli Cassidy</u>, the court on June 20, 2022, issued the following order:**

Having considered the brief of the plaintiff, Linda L. Knowles, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals an order of the Superior Court (<u>St. Hilaire</u>, J.) denying her motion for a new trial. <u>See</u> RSA 526:1 (2021). We affirm.

RSA 526:1 provides: "A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." "Whether accident, mistake, or misfortune occurred is determined by the trier of fact, and its finding will be conclusive unless it is unsupported by the evidence." <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006). We will not disturb the trial court's ruling absent an unsustainable exercise of discretion. <u>See</u> <u>id</u>.

Newly-discovered evidence may justify the granting of a new trial under RSA 526:1. <u>State v. Etienne</u>, 163 N.H. 57, 96 (2011). To obtain a new trial based upon newly-discovered evidence, the moving party generally must establish that: (1) the moving party was not at fault for not discovering the evidence at the prior trial; (2) the evidence is admissible, material to the merits of the case, and not cumulative; and (3) the evidence is of such a character that a different result will probably be reached in a new trial. <u>Rautenberg v. Munnis</u>, 109 N.H. 25, 26 (1968). We have recognized a "single exception" to the requirement that the moving party establish the likelihood of a different result. <u>Barton v. Plaisted</u>, 109 N.H. 428, 432 (1969). Under this exception, when a party testifies falsely and the false testimony was dishonest <u>and</u> concerned a material issue, "the verdict will be set aside even if it is not found that a new trial will probably produce a different result." <u>Id</u>. (quotation omitted).

Whether newly-discovered evidence requires a new trial is a question of fact for the trial court. <u>State v. Breest</u>, 169 N.H. 640, 653 (2017). "We will sustain the trial court's decision unless its conclusion is clearly unreasonable." <u>Id</u>.; <u>see</u> <u>Rautenberg</u>, 109 N.H. at 26 ("The issue presented by [a] motion [for a new trial based upon newly-discovered evidence] is one of fact for the Trial Court, and its decision is binding in this court unless it can be said to conclusively appear that a different result is probable, so that the Trial Court's conclusion is clearly unreasonable.").

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that she has not demonstrated reversible error. See id. To the extent that the plaintiff argues that the trial judge was biased, she has established neither that a reasonable person would have questioned the trial court's impartiality, nor any factors that would have per se disqualified the trial judge. See State v. Bader, 148 N.H. 265, 268-71 (2002). The mere fact that the trial judge ruled adversely to the plaintiff does not establish that the trial judge was biased. See id. at 271.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**